The STATE ex rel. the LORAIN JOURNAL
COMPANY, d.b.a. The Morning Journal,

v.

CITY OF LORAIN et al.

[Cite as *State ex rel. Lorain Journal Co. v. Lorain* (1993), 87 Ohio App.3d 112.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005328.

Decided June 9, 1993.

*Richard D. Panza* and *Russell R. Aukerman,* for relator.

*Michael Scherach,* Law Director, for respondents.

BAIRD, Judge.

This cause was heard upon a petition for writ of mandamus and motions for summary judgment. Both parties agreed to submit the case for a decision on the merits, based upon the stipulated facts.

In February 1992, relator, The Morning Journal ("Journal"), requested that respondents, city of Lorain Police Department and Michael Sherach ("city"), provide it with all records involved in the hiring of seven applicants, including questions, answers and results of polygraph tests. The city refused to provide the Journal with the results of the polygraph tests.

The Journal seeks an order from this court requiring the city to provide copies of the results of the polygraph tests taken by the applicants. The city seeks a determination from this court that the polygraph test results are statutorily exempt from disclosure.

R.C. 149.43(B) requires that all public records be promptly prepared and made available for inspection to any member of the general public at all reasonable times during regular business hours. A public record is "any record that is kept by any public office, * * * except * * * confidential law enforcement investigatory records[.]" R.C. 149.43(A)(1). Included within the definition of "public record" is "record," which is something that is "created or received by or coming under the jurisdiction of any public office * * * which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). An item which does not meet the definition of a "record" is not a public record. *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 188, 610 N.E.2d 997, 998. The results of the polygraph tests would meet the definition of a "record" because they are used to document the city's hiring decisions.

In order to be exempt from disclosure under R.C. 149.43, a record must meet two requirements. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 79, 566 N.E.2d 146, 148. First, the record must be a "confidential law enforcement investigatory record." Second, the release of the record would create a high probability of disclosure of any one of four categories of information specified in R.C. 149.43(A)(2). *Id.*

The city has the burden of proving that the records meet the requirements to be exempt from disclosure pursuant to R.C. 149.43. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786 ("*Natl. Broadcasting I* ").

The city asserts that the determination of whether a record qualifies for the confidential law enforcement record exception depends upon the nature of the record. *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635. The city compares the polygraph records to the investigatory records of state licensing agencies, which are exempt from disclosure under R.C. 149.43(A)(2). *State ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St.3d 59, 60, 550 N.E.2d 945, 946. In that case, however, the agency was investigating the psychologist based upon allegations of fraud, rather than making an initial licensing determination. In the present case, the city was not investigating any alleged wrongdoing.

The city also argues that the polygraph records comprise an administrative-type investigation into the background of each of the applicants. Such an

investigation, the city argues, resembles a criminal investigation, in that its objective is to verify specific information provided by the job applicant concerning past illegal drug usage, dishonesty in employment, undetected felonies committed and abuse of alcohol. Dr. Horvath, the city's expert witness, states that an administrator's use of polygraph test results "is analogous to a police detective who investigates a criminal matter."

A similar argument was rejected in *Dinkins v. Ohio Div. of Highway Patrol* (N.D.Ohio 1987), 116 F.R.D. 270. The court found that a " 'law enforcement matter of a criminal, quasi-criminal, civil or administrative nature' is one that relates directly to the enforcement of the law, and not to employment or personnel matters ancillary to law enforcement matters." *Id.* at 272.

We agree with the federal court's interpretation of R.C. 149.43. The fact that the tests were administered by the police department does not alter the fact that the information was for employment purposes. Police personnel records of city employees are public records and are subject to disclosure. *Natl. Broadcasting I,* 38 Ohio St.3d at 83, 526 N.E.2d at 789–790, citing *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632.

We therefore find that the city did not meet the burden of showing that polygraph records satisfy the first requirement necessary to be exempt from disclosure under R.C. 149.43. Nor has the city directed us to any state or federal law which prohibits the release of such records. See R.C. 149.43(A)(1). In the absence of any exemption, the city is obligated to provide the polygraph results to the Journal. Accordingly, we hereby grant judgment in favor of the Journal and against the city.

In light of our holding, we must determine whether to grant the Journal's motion for attorney fees. The award of attorney fees under R.C. 149.43(C) is not mandatory. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443, paragraph two of the syllabus. Because attorney fees are regarded as punitive, the court may consider the reasonableness of the city's refusal to comply. *Id.* at 112, 529 N.E.2d at 446. In this case, we find no evidence of bad faith on the part of the city. Based upon the arguments and facts presented, we find that there was a reasonable basis for the city's refusal to produce the requested documents. The Journal's request for attorney fees is therefore denied.

A writ of mandamus is hereby issued ordering the city to provide the Journal with copies of the requested polygraph test results.

*Writ allowed.*

QUILLIN, P.J., and DICKINSON, J., concur.