THE STATE EX REL. POLICE OFFICERS FOR EQUAL
RIGHTS ET AL. *v.* LASHUTKA, MAYOR, ET AL.

[Cite as *State ex rel. Police Officers for Equal Rights
v. Lashutka* (1995), 72 Ohio St.3d 185.]

(No. 95–603—Submitted March 30, 1995—Decided April 20, 1995.)

186

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, for relators.
*Ronald J. O'Brien*, Columbus City Attorney, for respondents.

DOUGLAS, J. This is yet another in a series of cases involving public records. While we have, time and time again, informed public officials and public agencies of their duties pursuant to R.C. 149.43 (to release records in their possession, which records clearly belong to the public), we, nevertheless, continue to see obfuscation, cunctation, delay and even arrogance in far too many cases. This case is a good example.

Relators have requested that respondents provide certain records maintained by the Columbus Department of Public Safety, Division of Police. In response to their request, relators received a letter (which is part of the record in this case) from the Legal Bureau of the Division of Police. The letter, dated February 17, 1995, emphatically states that the request of relators for records is denied on the authority of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. The letter states, in part, that "[a]pplying the language in *Steckman*

to Internal Affairs *investigations*, it is clear they are not public records." (Emphasis *sic.*) The Division of Police is just plain wrong!

# I

## Prohibition

The requested peremptory writ of prohibition is denied. That part of relators' petition is dismissed.

What relators seek in their prohibition action is an order to tell the Columbus Police Department how to keep, store, maintain and make available public records and an order preventing record destruction. Such an action is in the nature of declaratory judgment and/or injunction. This court has no original jurisdiction over either type of action as original relief. We do have such jurisdiction as ancillary to other *appropriate* relief. Such is not relators' prohibition action.

In addition, the act of destroying (or keeping) public records is neither judicial nor quasi-judicial. Thus, the first prong of the test for prohibition (that the court or officer against whom prohibition is sought is about to exercise judicial or quasi-judicial power) is clearly nonexistent here. See, generally, *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 234–235, 638 N.E.2d 541, 543, and *State ex rel. Hensley v. Nowak* (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 172–173. Thus, the prohibition portion of relators' petition is denied and dismissed.

# II

## Mandamus and *Steckman*

The mandamus portion of relators' petition, which seeks the ultimate relief of release of the records sought, is granted. In addition, an award of attorney fees is allowed. R.C. 2731.06 provides, in part, that "[w]hen the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus." This case cries out for such action.

In the previously referenced letter of February 17, 1995, the Division of Police takes exactly the opposite view of what *Steckman* says and holds. It might very well be said that the action of respondents in relying on *Steckman* to deny relators' request is an intentional act of disregard. Throughout *Steckman*, we referenced "pending criminal case," "criminal proceeding itself," and "prosecuting a criminal matter," so as to make clear in what context *Steckman* applies. To now see the case being used to deny records that are clearly public and not exempt under any of the exceptions to R.C. 149.43 borders itself on the criminal. *Steckman* was designed to be used as a shield—not a sword. Intentional

improper use of the case could very well result in modification. A word to the wise should be sufficient. Again and again and again: *Steckman* applies to actual pending or highly probable *criminal* prosecutions and defines, in *that* context, the very narrow exceptions to R.C. 149.43. Further, while relators do not cite *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 520 N.E.2d 207, that case is clearly on point with regard to the records they seek.

Accordingly, we allow a writ of mandamus ordering the respondents to, forthwith, make the records sought by relators available to relators for inspection and copying. There must be no further delay. This, then, also addresses the question of imminent record destruction at least as far as that alleged proposed action pertains to the specific records sought.

Further, we allow an award of costs and reasonable attorney fees. Counsel for relators is instructed to submit to this court a bill and documentation in support of the request for allowance of fees, all of which shall be in accordance with the guidelines set forth in DR 2–106.

> *Writ of prohibition denied;*
> *writ of mandamus allowed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., concurs in judgment only.