CLEVELAND POLICE PATROLMEN'S ASSOCIATION, Appellee,

v.

CITY OF CLEVELAND, Appellant, et al.

[Cite as *Cleveland Police Patrolmen's Assn. v. Cleveland* (1996), 110 Ohio App.3d 796.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69039.

Decided May 6, 1996.

*Marshall & D'Angelo* and *Patrick A. D'Angelo,* for appellee.

*Sharon Sobol Jordan,* Director of Law, *Joseph J. Jerse,* Interim Chief Assistant Law Director, and *Corinne B. Katz,* Assistant Law Director, for appellant.

KARPINSKI, Judge.

Appellant, city of Cleveland, appeals from the judgment of the common pleas court that issued a writ of mandamus compelling the city to disclose certain investigatory reports to appellee, Cleveland Police Patrolmen's Association ("CPPA"). On appeal, the city argues that the trial court erred by issuing the writ, because one of the investigatory reports is exempt from public disclosure under Ohio law. For the following reasons, the judgment of the common pleas court is affirmed.

This dispute centers on an investigation as to whether city employees were improperly voiding parking tickets. Allegedly, various city employees were parking illegally and then voiding the tickets to avoid the cost of paying tickets. These employees were from various divisions of the city: the Division of Police, the Department of Public Safety, and the Parking Enforcement Division of the Department of Parks, Recreation and Properties.

The city proceeded with an administrative investigation of the patrol officers. A predisciplinary hearing was scheduled before Chief William Denihan on March 13, 1995 at 5:00 p.m. At 2:36 p.m., CPPA filed for a writ of mandamus from the trial court, requesting that the court order the city to turn over certain investigatory reports. The report at issue is an investigative report prepared by an organized-crime intelligence unit. CPPA also requested that the court stay the predisciplinary hearing until the matter was resolved.

CPPA's position is that the officers acted in good faith and the tickets were voided pursuant to a well-established de facto policy of voiding tickets. CPPA

contends that the investigatory report is necessary to establish the existence of this policy.

The common pleas court enjoined the disciplinary hearing and granted the writ of mandamus, which ordered the city to produce the requested documents. The city timely appealed. The city's first assignment of error states as follows:

"I. The trial court erred in concluding that the city Organized Crime Intelligence Unit's investigative report into allegations of improper conduct in the voiding of parking tickets by city Parking Enforcement Division employees was not a confidential law enforcement investigatory record exempt from public disclosure pursuant to R.C. 149.43(A).

■ In this assignment of error, the city argues that its internal investigation report is not a public record under Ohio law. R.C. 149.43 delineates what public records are available to the public. The statute states as follows:

"(1) 'Public record' means any record that is kept by any public office * * * except * * * trial preparation records, confidential law enforcement investigatory records, * * * and records the release of which is prohibited by state or federal law.

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

" * * *

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product[.]"

R.C. 149.43(C) further provides that a party who is allegedly aggrieved by the failure of a governmental body to provide access to a public record may commence a mandamus action in either the appropriate common pleas court, the appropriate appellate court, or the Supreme Court.

■ The governmental body that refuses to release records has the burden to prove that the records are exempt from disclosure. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786 ("*NBC I*"); *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 566 N.E.2d 146 ("*NBC II*"). R.C. 149.43 requires liberal construction of provisions defining public records and strict construction of the exceptions. *State ex rel. Petty v. Wurst* (1989), 49 Ohio App.3d 59, 550 N.E.2d 214; *State ex rel. Outlet Communications, Inc. v. Lancaster Police Dept.* (1988), 38 Ohio St.3d 324, 528 N.E.2d 175; *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377. The Supreme Court of Ohio in *NBC I* directed the

court where the petition for the writ is originally filed to scrutinize each requested record, to order the release of those records subject to public disclosure, and to delete any information that is excepted. The court stated as follows:

"When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released." *NBC I, supra*, 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus.

A common pleas court's decision to issue a writ of mandamus ordering the city make the report public is reviewed under an abuse-of-discretion standard. *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 609 N.E.2d 551; *State ex rel. Hamblin v. Brooklyn* (1993), 67 Ohio St.3d 152, 616 N.E.2d 883.

■ Generally, internal police investigatory reports are public records subject to disclosure. *State ex rel. Police Officers for Equal Rights v. Lashutka* (1995), 72 Ohio St.3d 185, 188, 648 N.E.2d 808, 810 (police internal investigative reports which are not the subject of a pending criminal case are public records subject to disclosure); *State ex rel. Multimedia, Inc. v. Snowden, supra*, 72 Ohio St.3d at 143, 647 N.E.2d at 1377–1378 (internal background checks of police recruits are public records subject to disclosure [1]); *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 520 N.E.2d 207 (police internal affairs investigation is subject to discovery by civil rights litigant); *Toledo Police Patrolmen's Assn., Local 10, IUPA v. Toledo* (1994), 94 Ohio App.3d 734, 739, 641 N.E.2d 799, 802–803 (documents generated through internal affairs investigations are public records subject to disclosure); *State ex rel. Lorain Journal Co. v. Lorain* (1993), 87 Ohio App.3d 112, 115, 621 N.E.2d 894, 896–897 (results of polygraph examination given to police officer applicants which are gathered for employment purposes are subject to disclosure); *Dinkins v. State of Ohio, Div. of State Hwy. Patrol* (N.D.Ohio 1987), 116 F.R.D. 270 (prehire background investigation report prepared by Ohio State Highway Patrol was not a privileged confidential law enforcement investigatory report under R.C. 149.43); *State ex rel. Cincinnati Post v. Marsh* (1985), 26 Ohio Misc.2d 5, 26 OBR 277, 498 N.E.2d 508 (an investigatory report to determine whether a police chief should be demoted is a public record).

---

1. In his concurrence, Justice Douglas wrote, "We made clear that [*State ex rel.*] *Steckman* [*v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83] applied only in pending criminal cases and could not and should not be used to attempt to thwart the release of public records which have no direct current connection with the prosecution of a criminal matter." *Snowden*, 72 Ohio St.3d at 149, 647 N.E.2d at 1382.

In *State ex. rel. Dwyer v. Middletown* (1988), 52 Ohio App.3d 87, 91, 557 N.E.2d 788, 793, unspecified "charges" were filed against a police officer. Pursuant to these charges the police department conducted an internal police investigation and prepared a report. The Twelfth District Court of Appeals held that the report concerning the alleged wrongdoing of the police officer was a public record. Similarly, in *Barton v. Shupe* (1988), 37 Ohio St.3d 308, 525 N.E.2d 812, the Ohio Supreme Court held that a report involving an investigation of alleged wrongdoing by a former chief of police was a public record. The possibility that the investigation could later lead to administrative, civil, or criminal litigation, the court said, did not except the report as trial preparation.

The recent Ohio Supreme Court case of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, redefined the parameters of discovery in criminal proceedings. The court stated in paragraph five of the syllabus as follows:

"Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. The work product exception does not include ongoing routine offense and incident reports, including but not limited to, records relating to a charge of driving while under the influence and records containing the results of intoxilyzer tests. Routine offense and incident reports are subject to immediate release upon request. If release is refused, an action in mandamus, pursuant to R.C. 149.43(C), will lie to secure release of the records."

The city argues that *Steckman* prevents the disclosure of the report in question.

In the case of *Police Officers for Equal Rights,* which followed *Steckman,* the Ohio Supreme Court provided an analysis that rejects the city's argument. In *Police Officers for Equal Rights,* as in the case at bar, the relators sought internal investigative reports from the Columbus Police Department. The court described the records as follows:

"These affidavits make clear that the records being sought by relators are personnel and internal investigative records. All the records sought concern regulation and discipline of police officers in connection with performance of their duties. None of the records sought involves pending criminal prosecutions or proceedings." *Police Officers for Equal Rights, supra,* 72 Ohio St.3d at 186, 648 N.E.2d at 809.

The court then went on to hold that internal police investigation reports, in the absence of criminal prosecutions, are public records subject to disclosure. The

court emphatically stated that the *Steckman* decision did not preclude the disclosure of these internal reports:

"The Division of Police is just plain wrong!

" * * *

"In the previously referenced letter of February 17, 1995, the Division of Police takes exactly the opposite view of what *Steckman* says and holds. It might very well be said that the action of respondents in relying on *Steckman* to deny relators' request is an intentional act of disregard. Throughout *Steckman,* we referenced 'pending criminal case,' 'criminal proceeding itself,' and 'prosecuting a criminal matter,' so as to make clear in what context *Steckman* applies. To now see the case being used to deny records that are clearly public and not exempt under any of the exceptions to R.C. 149.43 borders itself on the *criminal.* *Steckman* was designed to be used as a shield—not a sword. Intentional improper use of the case could very well result in modification. A word to the wise should be sufficient. Again and again and again: *Steckman* applies to actual pending or highly probable *criminal* prosecutions and defines, in *that* context, the very narrow exceptions to R.C. 149.43. Further, while relators do not cite *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 520 N.E.2d 207, that case is clearly on point with regard to the records they seek." (Emphasis *sic.*) *Id.* at 187–188, 648 N.E.2d at 809–810.

The Supreme Court's most recent decision on this issue is dispositive of the case at bar. In *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 661 N.E.2d 180, the court held that a report concerning an ongoing investigation by the Cleveland Police Division and the Cuyahoga County Prosecuting Attorney did not fall under the specific investigatory work product exception of R.C. 149.43(A)(2)(c). Citing *Steckman* and *Police Officers for Equal Rights,* the court held at 29–30, 661 N.E.2d at 186, as follows:

"In the case at bar, respondents' evidence establishes that an active and ongoing criminal investigation is being jointly conducted by the PCIR Unit of the Cleveland Police Division and the Cuyahoga County Prosecuting Attorney. A criminal investigation of a police officer by the PCIR unit is conducted in a manner similar to other criminal investigations 'aimed at possible prosecution,' and could result in criminal charges.

"There is no evidence that criminal charges against police officers or other individuals involved in the alleged wiretapping against relators are either 'pending' or 'highly probable' as required for application of the work product exception. See *Steckman, supra,* at paragraph five of the syllabus, and *Police Officers for Equal Rights, supra,* 72 Ohio St.3d at 188, 648 N.E.2d at 810. Here, the evidence

shows only that criminal charges are possible. R.C. 149.43(A)(2)(c) does not except the requested records."

Because any doubts should be resolved in favor of disclosure and because the Supreme Court has expressly resolved this issue, the city's first assignment of error is overruled.

The city's second assignment of error states as follows:

"II. The trial court erred in granting the relator injunctive relief on the basis of its public records request."

In this assignment of error, the city argues that the trial court erred by granting an injunction which prevented the disciplinary hearings from proceeding until the city released the investigatory report. The common pleas court's decision to grant an injunction is reviewed under an abuse-of-discretion standard. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.* (1995), 73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In the case at bar, the city has not demonstrated that the common pleas court abused its discretion by enjoining the disciplinary hearing of the twenty-five officers. CPPA argues that the report in question is central to its argument in the disciplinary proceeding that the officers should not be punished for what is a de facto policy in the police department. Under the collective bargaining agreement, the officers can appeal the disciplinary decision to arbitration; however, the arbitrator cannot rule on issues of law. A lawsuit, therefore, affords the only opportunity to determine whether the report is a public record. Accordingly, the common pleas court did not abuse its discretion by delaying the disciplinary action until it was determined whether the investigatory report is a public record.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

HARPER, P.J., and O'DONNELL, J., concur.