[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 516.]

THE STATE EX REL. LEONARD *v.* WHITE, MAYOR, ET AL.

[Cite as *State ex rel. Leonard v. White*, 1996-Ohio-204.]

*Mandamus to compel Cleveland officials to provide relator access to investigative file concerning her son's unsolved homicide—Writ denied when requested records are exempt work product under R.C. 149.43(A)(2)(c).*

(No. 95-1864—Submitted April 15, 1996—Decided May 29, 1996.)

IN MANDAMUS.

_____

{¶ 1} In June 1993, an unknown person or persons murdered Lawrence Leonard. Lawrence died of a single gunshot wound to the upper right side of his face. A surviving victim of the same incident reported that Lawrence had been shot by another person.

{¶ 2} In March 1994, relator, Anne Leonard, Lawrence's mother, twice requested that respondents, Cleveland officials, provide her access to records pertaining both to the circumstances of Lawrence's death and to whether Lawrence was involved in any illegal drug activity between January 1983 and June 1993. Aside from one computerized summary of an offense report, respondents refused to provide access to any of the requested records.

{¶ 3} In 1995, relator filed this action for a writ of mandamus to compel respondents to provide access to the requested records. Respondents subsequently provided relator with copies of additional offense reports relating to Lawrence Leonard's death. We issued an alternative writ, 74 Ohio St.3d 1445, 656 N.E.2d 345, and the parties filed evidence and briefs.

_____

*James R. Goodluck* and *Virginia K. Miller*, for relator.

*Sharon Sobol Jordan*, Cleveland Director of Law, and *Lisa M. Herbert*, Assistant Director of Law, for respondents.

_____

***Per Curiam.***

**{¶ 4}** Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377. Exceptions to disclosure are strictly construed against the custodian of the public records, and the burden to establish an exception is on the custodian. *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 247, 643 N.E.2d 126, 128.

**{¶ 5}** Relator has received certain offense reports from respondents. However, respondents apparently do not possess any records suggesting that Lawrence Leonard was involved in any illegal drug activity between January 1983 and June 1993 that are separate from records compiled following Leonard's homicide. *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086 ("The Public Records Act, R.C. 149.43, does not require that a public office create new documents to meet a requester's demand."). For the reasons that follow, we find that the remaining requested records which have not been provided to relator are exempt from disclosure, and relator is not entitled to extraordinary relief in mandamus.

**{¶ 6}** Relator initially contends that a person requesting public records is entitled to a "written explanation" from public records custodians specifying the applicable statutory exceptions whenever requested records are withheld. Relator's contention is meritless. In order to comply with R.C. 149.43, custodians need only make public records available for inspection at all reasonable times during regular business hours, and make copies available upon request at cost, within a reasonable period of time. R.C. 149.43(B); *State ex rel. Fenley v. Ohio Historical Soc.* (1992), 64 Ohio St.3d 509, 511, 597 N.E.2d 120, 122; *State ex rel.*

*Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 48, 607 N.E.2d 836, 838 (plurality opinion); see, also, *State ex rel. The Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 621, 640 N.E.2d 174, 177. Therefore, R.C. 149.43 does not impose any duty on public officials to provide written reasons for withholding requested records.

{¶ 7} Relator next asserts that respondents have no valid basis to withhold the requested records. Conversely, respondents claim that the requested records are exempt from disclosure as specific investigatory work product under R.C. 149.43(A)(2)(c).

{¶ 8} In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, at paragraph five of the syllabus, we held that "[e]xcept as required by Crim.R. 16, *information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is*, by the work product exception found in R.C. 149.43(A)(2)(c), *excepted from required release as said information is compiled in anticipation of litigation*." (Emphasis added.) We subsequently held that "*Steckman* applies to *actual pending or highly probable criminal* prosecutions and defines, in *that* context, the very narrow exceptions to R.C. 149.43." (Emphasis added in part.) *State ex rel. Police Officers for Equal Rights v. Lashutka* (1995), 72 Ohio St.3d 185, 188, 648 N.E.2d 808, 810; see, also, *Multimedia, supra*, 72 Ohio St.3d at 149, 647 N.E.2d at 1382 (Douglas, J., concurring).

{¶ 9} Relying on *Steckman* and *Police Officers*, relator contends that the records do not constitute R.C. 149.43(A)(2)(c) work product because there is no evidence that a criminal proceeding is either "pending" or "highly probable" with regard to the person or persons who killed Lawrence Leonard. The evidence indicates that although it became clear almost immediately that Lawrence Leonard's death was a homicide, the investigative file remains open, and no persons have been charged in connection with the homicide.

**{¶ 10}** In interpreting paragraph five of the *Steckman* syllabus, we are guided by S.Ct.R.Rep.Op. 1(B), which states that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law *decided in and necessarily arising from the facts of the specific case before the Court for adjudication*." (Emphasis added.) *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 103, 647 N.E.2d 792, 797. In *Steckman*, *supra*, 70 Ohio St.3d at 434, 639 N.E.2d at 94, we held that any notes, working papers, memoranda or similar materials prepared by attorneys or law enforcement officials in anticipation of litigation constitute work product.

**{¶ 11}** Construing paragraph five of the *Steckman* syllabus in the context of its discussion concerning work product, it is apparent that relator misinterprets *Steckman*. Almost immediately after Lawrence Leonard's death, the police considered it a homicide. Once it is evident that a crime has occurred, investigative materials developed are necessarily compiled in anticipation of litigation and so fall squarely within the *Steckman* definition of work product. Consequently, we hold that where it is evident that a crime has occurred, although no suspect has yet been charged, any notes, working papers, memoranda, or similar materials compiled by law enforcement officials in anticipation of a subsequent criminal proceeding are exempt from disclosure as R.C. 149.43(A)(2)(c) work product.

**{¶ 12}** Under the circumstances of this case, a criminal proceeding is "probable" within the meaning of paragraph five of the *Steckman* syllabus and "highly probable" under *Police Officers* even where the police have not yet identified a suspect, as long as it is clear that a crime has in fact been committed. In cases such as this, the investigative record is necessarily compiled in anticipation of litigation. Moreover, as respondents note, if we were to adopt relator's construction of the R.C. 149.43(A)(2)(c) work product exception as redefined in *Steckman*, police departments' efforts to effectively investigate and apprehend criminals would be frustrated.

**{¶ 13}** Neither *Police Officers* nor *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 661 N.E.2d 180, requires a contrary result. In *Police Officers*, 72 Ohio St.3d 185, 648 N.E.2d 808, we granted a writ of mandamus to compel access to records relating to police personnel files and internal affairs investigations. The requested records in *Police Officers* did not relate to any criminal investigation. In fact, there was no indication that any crime had been committed.

**{¶ 14}** Similarly, in *Master*, where we held that the R.C. 149.43(A)(2)(c) work product exception did not apply, it was not evident that a crime had actually occurred. When it is not evident that a crime has occurred, the investigative materials are compiled by law enforcement officials to determine if any crime has occurred and not necessarily in anticipation of litigation.

**{¶ 15}** Therefore, with the exception of the routine offense and incident reports that have already been provided to relator, we find that the requested records are exempt work product under R.C. 149.43(A)(2)(c). It is unnecessary to address the remaining exceptions asserted by respondents.

**{¶ 16}** For the foregoing reasons, we deny the writ of mandamus and overrule relator's request for attorney fees.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents.

————————————