[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 322.]

THE STATE EX REL. THE LOGAN DAILY NEWS V. JONES, SHERIFF.

[Cite as *State ex rel. The Logan Daily News v. Jones*, 1997-Ohio-32.]

*Mandamus to compel Sheriff of Hocking County to provide The Logan Daily News access to incident reports—Writ denied, when—Relator's request for attorney fees denied, when.*

(No. 96-1630--Submitted March 4, 1997--Decided April 30, 1997.)

IN MANDAMUS.

_____

{¶ 1} On July 1 or 2, 1996, Clif Spires, assistant editor of relator, The Logan Daily News, requested access to several incident reports from the office of respondent, Hocking County Sheriff Jim Jones. Spires specifically requested incident reports Nos. 96-0814, 96-0837, 96-0844, 96-0849, 96-0851, and 96-0879. Chief Deputy Sheriff Thomas Wheeler refused to release incident report No. 96-0814, purportedly because of an ongoing investigation in the case. Wheeler further advised Spires that the remaining reports would not be released because they were incomplete at that time. According to Sheriff Jones, his previous office procedure of assigning an incident report number on receipt of a telephone call to a police dispatcher rather than on completion and filing of the report had misled relator into believing that incident reports existed prior to their creation.

{¶ 2} On July 8, Spires requested access to the same incident reports. Wheeler again denied access to incident report No. 96-0814 but told Spires that he would retrieve the remaining reports, which would take a few minutes. After informing Wheeler that he could not wait, Spires left without inspecting the reports. Spires told Wheeler that he would return later. Wheeler pulled incident reports Nos. 96-0837, 96-0844, 96-0849, 96-0851, and 96-0879, and left them with Sheriff Jones.

**{¶ 3}** On July 9 or 10, relator's editor, Dwight Crum, telephoned the sheriff's office and advised Sheriff Jones to provide access to the requested incident reports. According to Sheriff Jones, he told Crum that following Spires's failure to inspect the reports, the reports had been returned to Wheeler, who would not be back until 3:30 p.m. When Wheeler returned, he attempted to contact Spires, but was told he was gone for the day.

**{¶ 4}** On July 11, Spires called the sheriff's office and requested the incident reports yet another time. Wheeler again pulled all of the reports except No. 96-0814, but Spires failed to go to the sheriff's office to inspect them. The next day, relator filed this mandamus action to compel Sheriff Jones to provide access to incident reports Nos. 96-0814, 96-0837, 96-0844, 96-0849, 96-0851, and 96-0879. We granted an alternative writ. 76 Ohio St.3d 1475, 669 N.E.2d 858. Respondent submitted evidence that included the requested incident reports.

**{¶ 5}** The cause is now before this court for a consideration of the merits.

——————————

*Frost & Jacobs* and *Richard M. Goehler*, for relator.

*Charles A. Gerken*, Hocking County Prosecuting Attorney, for respondent.

——————————

***Per Curiam.***

**{¶ 6}** Relator acknowledges that Sheriff Jones has now provided the requested records. Consequently, relator's request for a writ of mandamus is moot and is denied. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049.

**{¶ 7}** Relator requests attorney fees pursuant to *Pennington*. In *Pennington*, at the syllabus, we held that "[a] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to

R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot."

{¶ 8} We may thus exercise our discretion and award attorney fees if the four *Pennington* factors are established.

{¶ 9} Initially, we must determine whether relator made a proper request for public records under R.C. 149.43. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 28, 661 N.E.2d 180, 184. The incident reports requested by relator are not exempt from disclosure. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus ("Routine offense and incident reports are subject to immediate release upon request."). Therefore, relator's requests were proper.

{¶ 10} In addition, the third and fourth *Pennington* requirements for an attorney fee award are present here. Relator filed this mandamus action to obtain copies of the requested records, and it received the records only after this action was filed. Therefore, the dispositive issue is whether relator established the second *Pennington* prerequisite for attorney fees in a public records action rendered moot by disclosure of the records after filing, *i.e.*, that Sheriff Jones failed to comply with relator's records requests.

{¶ 11} Sheriff Jones erroneously refused relator's requests to inspect and copy incident report No. 96-0814. Nevertheless, it remains unclear whether Sheriff Jones refused to comply with relator's requests for access to the other five incident reports. Relator was not entitled to incident reports prior to their completion. Cf. *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086 ("The Public Records Act, R.C. 149.43, does not require that a public office create new documents to meet a requester's demand."). In addition, the evidence indicates that after these reports were completed, Sheriff Jones diligently attempted to

comply with relator's requests and that relator's failure to inspect the reports was attributable to relator's inaction. See *State ex rel. Leonard v. White* (1996), 75 Ohio St.3d 516, 517, 664 N.E.2d 527, 528-529 ("In order to comply with R.C. 149.43, custodians need only make public records available for inspection at all reasonable times during regular business hours, and make copies available upon request at cost, within a reasonable period of time."). While relator contends that "it would not seem unreasonable for the sheriff's office to leave the reports in the news media folder" pursuant to a "long-standing request *** to view all reports," there is no indication that either of relator's representatives expressly requested such placement of the reports by the sheriff's office.

{¶ 12} Based on the foregoing, relator has not established that Sheriff Jones refused to comply with its requests to inspect five of the six incident reports. Accordingly, relator's action is largely meritless, and relator is not entitled to an award of attorney fees. *Pennington*, *supra; Leonard*, 75 Ohio St.3d at 519, 664 N.E.2d at 530; *State ex rel. Lewis v. Collins* (1996), 76 Ohio St.3d 1471, 669 N.E.2d 854.

{¶ 13} Accordingly, we deny the writ of mandamus based on mootness and deny relator's request for attorney fees.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgement only.

_____