DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on cross-motions for summary judgment filed by relator, Elizabeth Hermes, and respondent, Village of Marblehead Police Chief Gregory Fultz, with respect to relator's complaint in mandamus. In her August 6, 2004 complaint, relator requested that respondent produce "copies of any and all routine incident reports relative to Elizabeth Hermes for the year 2004." Respondent denied the request arguing that no such records exist and that any other records are exempt from disclosure under R.C. 149.43.
 {¶ 2} On September 29, 2004, respondent filed a motion for summary judgment arguing that the records requested by relator are confidential law enforcement investigatory records (R.C.149.43(A)(2)) and/or trial preparation records (R.C.149.43(A)(4)). Respondent states that because an ongoing criminal investigation will probably result in criminal charges, the records requested are work product exempted from disclosure pursuant to R.C. 149.43(A)(2)(c).
 {¶ 3} In response and in her motion for summary judgment, relator argues that under Ohio law, police incident report forms, which incorporate narrative statements by witnesses and law enforcement officers, are public records and, thus, are not exempt from disclosure under R.C. 149.43. Relator further contends that, in her particular case, confidentiality is not a concern because her name has been released as a suspect and respondent has spoken about the investigation on a television news broadcast.
 {¶ 4} On October 28, 2004, this court granted a limited writ of mandamus ordering that the records at issue be submitted to the court for an in camera inspection. In reaching our decision, we have carefully reviewed these records.
 {¶ 5} R.C. 149.43(A)(1) provides that a "public record" is "any record that is kept by any public office" except, inter alia, confidential law enforcement investigatory records. Under R.C. 149.43(A)(2) a "confidential law enforcement investigatory record" includes:
 {¶ 6} "* * * any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
 {¶ 7} "(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;
 {¶ 8} "(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity;
 {¶ 9} "(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;
 {¶ 10} "(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source."
 {¶ 11} At issue in the present action is the applicability of R.C. 149.43(A)(2)(c), the work product exception. Work product is defined as information assembled by law enforcement officials in connection with a pending or highly probable criminal proceeding.State ex rel. Gannett Satellite Info. Network, Inc. v. Petro
(1997), 80 Ohio St.3d 261, 266-267.
 {¶ 12} In State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, paragraph five of the syllabus, the Ohio Supreme Court held that the work product exception "does not include ongoing routine offense and incident reports, including, but not limited to, records relating to a charge of driving while under the influence and records containing the results of intoxilyzer tests. Routine offense and incident reports are subject to immediate release upon request."
 {¶ 13} State ex rel. Leonard v. White (1996),75 Ohio St.3d 516, clarified the Steckman holding as follows:
 {¶ 14} "Once it is evident that a crime has occurred, investigative materials developed are necessarily compiled in anticipation of litigation and so fall squarely within theSteckman definition of work product. Consequently, we hold that where it is evident that a crime has occurred, although no suspect has yet been charged, any notes, working papers, memoranda, or similar materials compiled by law enforcement officials in anticipation of a subsequent criminal proceeding are exempt from disclosure as R.C. 149.43(A)(2)(c) work product." Id. at 518.
 {¶ 15} After a review of the records at issue, and the relevant statutory and case law, we conclude that because the records reveal that some person or persons forged Kelley's Island ferry tickets, the records were compiled in anticipation of a criminal proceeding and are exempted from disclosure. See Stateex rel. Master v. Cleveland (1996), 76 Ohio St.3d 340. Accordingly, no genuine issue of fact remains and respondent is entitled to judgment as a matter of law.
 {¶ 16} Based on the foregoing, we find that respondent's motion for summary judgment is well-taken and granted, and that relator's motion for summary judgment is not well-taken and denied. Relator's complaint in mandamus is dismissed. It is ordered that relator pay the court costs in this matter.
Complaint dismissed.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.