[Cite as *Hilliard City School Dist. v. Columbus Div. of Police*, 2017-Ohio-8454.]

| HILLIARD CITY SCHOOL DISTRICT | Case No. 2017-00450-PQ |
|---|---|
| Requester | Judge Patrick M. McGrath |
| v. | DECISION ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION |
| COLUMBUS DIVISION OF POLICE | |
| Respondent | |

{¶1} Before the court is (1) a report and recommendation of Special Master Jeffery W. Clark filed on September 12, 2017, (2) requestor Hilliard City School District's objections to Special Master Clark's report and recommendation that the school district filed on September 25, 2017, and (3) respondent Columbus Division of Police's response to the school district's objections that the Columbus Division of Police filed on October 3, 2017. Because, upon independent review, the court finds that the special master identified the relevant law and properly applied the relevant law to the facts in this case, in accordance with R.C. 2743.75(F)(2), the court adopts the special master's report and recommendation as its own, including the findings of fact and conclusions of law contained in it.

## Background

{¶2} On May 17, 2017, Hilliard City School District filed a complaint against the Columbus Division of Police (CPD), alleging a denial of access to public records. The school district seeks the release of records pertaining to the CPD's investigation of an alleged assault of a school bus driver employed by the school district. The school district represents that, following the purported assault, its employee filed a workers' compensation claim. (The school district alleges, however, that certain relevant, reliable, probative, and confidential information supports a conclusion that its employee's reported injuries "were purposely self-inflicted and there was no assailant as

alleged.") (Complaint, ¶ 13.) The school district maintains that it obtained a subpoena from the Ohio Industrial Commission for the CPD's complete investigative file. According to the school district, the CPD produced some, but not all, of the documents that it seeks.

{¶3} After the school district filed its complaint, the court appointed attorney Jeffery W. Clark as a special master in this cause pursuant to R.C. 2743.75. A mediator subsequently conducted a mediation conference. Mediation, however, failed to successfully resolve all disputed issues between the parties. The court returned the case to the docket of Special Master Clark. Thereafter, after apparently construing CPD's response to the school district's complaint as a motion to dismiss, Special Master Clark issued a report and recommendation on September 12, 2017, wherein he concluded: "Upon consideration of the pleadings and attachments, I find that Hilliard SD has failed to establish by clear and convincing evidence that Columbus PD violated division (B) of R.C. 149.43 by withholding records that were and remain confidential law enforcement investigatory records. R.C. 149.43(A)(2). I recommend that respondent's motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) be GRANTED."

{¶4} On September 25, 2017, the school district, through its counsel, filed written objections to the special master's report and recommendation. According to the certificate of service attached to the objections, the school district, through counsel, served a copy of its objections on CPD's counsel via certified mail. However, the school district later filed a notice indicating that it served its objections on CPD "by means of FedEx, Certified Mail, Return Receipt Requested," attaching a FedEx receipt indicating that delivery was made on September 26, 2017.

{¶5} On October 3, 2017, the CPD filed a response to the school district's objections, contending that (1) the special master applied the appropriate standard and correctly determined the withheld records are confidential law enforcement investigatory

records, and (2) the special master did not err in not addressing whether or not a constitutional right to information privacy applied to the withheld records. According to the CPD, it received service of the school district's objections on September 26, 2017. And, according to the certificate of service attached to the response, CPD's counsel served the CPD's response on the school district's counsel on October 3, 2017 via electronic mail and certified mail, return receipt requested.

### Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation related to a dispute alleging a denial of access to public records. Pursuant to R.C. 2743.75(F)(2):

> Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party *by certified mail, return receipt requested*. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

(Emphasis added.) A review of the court's docket and filings in the case indicates that (1) on September 14, 2017, counsel for the school district received a copy of Special Master Clark's report and recommendation, (2) on September 25, 2017 — within seven business days after the report and recommendation was issued — the school district, through its counsel, filed written objections to the report and recommendation, and (3) the school district, through its counsel, served its objections

on CPD's counsel by means of FedEx — not by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶7} Since the school district served its objections on CPD's counsel by means of FedEx, the school district has failed to comply with procedural requirements for serving its objections, as set forth in R.C. 2743.75(F)(2), because the statute does not authorize service of objections by means of a commercial carrier service. However, in the interest of justice — *and under the circumstances of this case only* — the court finds that the school district substantially complied with requirements contained in R.C. 2743.75(F)(2). And the court accepts the school district's objections as timely filed.

{¶8} The court also accepts the CPD's response to the school district's objections as timely filed because the CPD filed its response within seven business days after it received the school district's objections and because it served its response on the school district's counsel by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

I. **Hilliard City School District's Objections to Special Master Clark's Report and Recommendation**

Hilliard City School District presents two objections for the court's consideration:

(1) **"The Special Master erred in determining that the law enforcement investigatory work product exception, R.C. 149.43(A)(2)(c), applied to the requested records because the Special Master failed to find that it was clear that a crime had in fact been committed."**

(2) **"The Special Master erred in failing to address Respondent's improper denial of Requestor's public records request based on the claim that the release of the records was prohibited by the alleged victim's constitutional right to privacy, making them 'records the release of which is prohibited by state or federal law' under R.C. 149.43(A)(1)(v)."**

A. **Objection No. 1**

{¶9} By its first objection, the school district contends that the special master erred in determining that the confidential-law-enforcement-investigatory-records

(CLEIRs) exception contained in R.C. 149.43(A)(2)(c) applied because the special master did not find that "it was clear that a crime had in fact been committed." The court finds that this objection is not persuasive for reasons discussed below.

{¶10} R.C. 149.43 governs the availability of public records. According to R.C. 149.43(A)(1), as used in R.C. 149.43, a "public record" "does not mean any of the following: * * * (h) Confidential law enforcement investigatory records." Pursuant to R.C. 149.43(A)(2), a confidential law enforcement investigatory record means

> any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
>
> (a)   The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;
>
> (b)   Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity;
>
> (c)   Specific confidential investigatory techniques or procedures or specific investigatory work product;
>
> (d)   Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

In *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 25-26 — a case in which a party made a public-records request of the Ohio Highway Patrol — the Ohio Supreme Court discussed a two-part test for determining whether the exception contained in R.C. 149.43(A)(2) applied and it also discussed R.C. 149.43(A)(2)(c) (specific confidential investigatory technique or specific investigatory work product), stating:

Whether a particular record is a "confidential law enforcement investigatory record" is determined by a two-part test. " ' "First, is the record a confidential law enforcement record?  Second, would release of the record 'create a high probability of disclosure' of any one of the four kinds of information specified in R.C. 149.43(A)(2)?" ' " *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 19, quoting *State ex rel. Beacon Journal Publishing Co. v. Maurer*, 91 Ohio St.3d 54, 56, 741 N.E.2d 511 (2001), quoting *State ex rel. Polovischak v. Mayfield*, 50 Ohio St.3d 51, 52, 552 N.E.2d 635 (1990). Thus, the Patrol needs to establish that the withheld records pertain to a "law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature" whose release would create a "high probability of disclosure" of "specific investigatory work product."

"Specific investigatory work product" consists of "information, including notes, working papers, memoranda, or similar materials, assembled by law enforcement officials in connection with a probable or pending criminal proceeding." *State ex rel. Beacon Journal Publishing Co. v. Maurer* at 56, citing *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 434, 639 N.E.2d 83 (1994). However, "specific investigatory work product" does *not* include "ongoing routine offense and incident reports." Id., paragraph five of the syllabus. *See also Beacon Journal* at 57; *State ex rel. Logan Daily News v. Jones*, 78 Ohio St.3d 322, 323, 677 N.E.2d 1195 (1997). Records " 'even further removed from the initiation of the criminal investigation than the form reports themselves,' " such as 9-1-1 recordings, are also public records. *Beacon Journal*, Id., quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 378, 662 N.E.2d 334 (1996).

{¶11} Here, according to the school district's prayer for relief in its complaint, the school district seeks:

a.  DVD recording of an officer interview with the employee;
b.  7 CDs of photographs;
c.  First Responder Letter by CPD Officer Chris Jones;
d.  Det. Paul Siniff's summary of his interview with the employee;
e.  Property inventory list for sexual assault kit;
f.  Property inventory list for physical evidence and DNA swabs;
g.  Property request for latents;
h.  Evidence collection list and photograph list (CSSU);

i. Photos taken at the scene by CSSU;
j. SANE Nurse Forensic Exam Forms and results.

(Prayer for Relief; Complaint, ¶ 25.)

{¶12} In the report and recommendation, the special master found "that all of the documents withheld in their entirety, as well as the portions of investigatory records produced per subpoena [issued by the Ohio Industrial Commission], are the notes, working papers, memoranda or similar materials assembled by Columbus PD in connection with a probable criminal proceeding." (Report and Recommendation, 11.)

{¶13} Based on the court's review, the court concludes that the special master's finding regarding the withheld documents is not error. Items (a)-(i) constitute records that pertain to a law enforcement matter of a criminal nature because they consist of information assembled by law enforcement officials in connection with a probable criminal proceeding. And, with respect to item (j) (SANE nurse forensic exam forms and results), as the special master noted in the Report and Recommendation at 6, the content and internally expressed purpose of the SANE records are consistent with the gathering of evidence for investigation and prosecution of alleged offenses; it follows therefore that item (j) is a record that pertains to a law enforcement matter of a criminal nature. *See State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, ¶ 4 (consent for examination by a sexual assault nurse examiner [SANE]) (stating " 'I voluntarily consent to this forensic examination and collection of evidence. * * * I authorize the release of evidence, information (including protected health information), clothing, colposcope photos, and photography documentation of injuries to a law enforcement agency for use only in the investigation and prosecution of this crime.' "). The first part of the two-part test discussed in *Miller* is therefore satisfied with respect to items (a)-(j).

{¶14} The next prong of the two-part requires a determination whether the release of the requested records creates a high probability of disclosure of specific

confidential investigatory techniques or procedures, or specific investigatory work product.  In the report and recommendation, the special master concluded that "all of the withheld records meet the definition of 'specific investigatory work product.'" (Report and Recommendation, 12.)

{¶15} Here, the school district seems to assert that the requested information is not specific investigatory work product, as the special master determined, because it is not clear that a crime was committed due to a lack of physical evidence in the case. Relying on *State ex rel. Leonard v. White*, 75 Ohio St.3d 516, 518, 664 N.E.2d 527 (1996), the school district states:  "The Special Master failed to find that it was clear that a crime had in fact been committed, and therefore, failed to find that a criminal proceeding was highly probable." (Objections, 2.)

{¶16} In *State ex rel. Leonard* at 517-518, the Ohio Supreme Court discussed its precedent concerning the application of the CLEIRs exception contained in R.C. 149.43(A)(c)(2), explaining:

> In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, at paragraph five of the syllabus, we held that "except as required by Crim.R. 16, *information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is*, by the work product exception found in R.C. 149.43(A)(2)(c), *excepted from required release as said information is compiled in anticipation of litigation.*" (Emphasis added.) We subsequently held that "*Steckman* applies to *actual pending or highly probable criminal* prosecutions and defines, in *that* context, the very narrow exceptions to R.C. 149.43." (Emphasis added in part.) *State ex rel. Police Officers for Equal Rights v. Lashutka* (1995), 72 Ohio St.3d 185, 188, 648 N.E.2d 808, 810; see, also, *Multimedia, supra*, 72 Ohio St.3d at 149, 647 N.E.2d at 1382 (Douglas, J., concurring).
>
> Relying on *Steckman* and *Police Officers*, relator contends that the records do not constitute R.C. 149.43(A)(2)(c) work product because there is no evidence that a criminal proceeding is either "pending" or "highly probable" with regard to the person or persons who killed Lawrence Leonard. The evidence indicates that although it became clear almost immediately that Lawrence Leonard's death was a homicide, the

investigative file remains open, and no persons have been charged in connection with the homicide.

In interpreting paragraph five of the *Steckman* syllabus, we are guided by S.Ct.R.Rep.Op. 1(B), which states that "the syllabus of a Supreme Court opinion states the controlling point or points of law *decided in and necessarily arising from the facts of the specific case before the Court for adjudication.*" (Emphasis added.) *State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 103, 647 N.E.2d 792, 797. In *Steckman*, *supra*, 70 Ohio St.3d at 434, 639 N.E.2d at 94, we held that any notes, working papers, memoranda or similar materials prepared by attorneys or law enforcement officials in anticipation of litigation constitute work product.

Construing paragraph five of the *Steckman* syllabus in the context of its discussion concerning work product, it is apparent that relator misinterprets *Steckman*. Almost immediately after Lawrence Leonard's death, the police considered it a homicide. Once it is evident that a crime has occurred, investigative materials developed are necessarily compiled in anticipation of litigation and so fall squarely within the *Steckman* definition of work product. Consequently, we hold that where it is evident that a crime has occurred, although no suspect has yet been charged, any notes, working papers, memoranda, or similar materials compiled by law enforcement officials in anticipation of a subsequent criminal proceeding are exempt from disclosure as R.C. 149.43(A)(2)(c) work product.

Under the circumstances of this case, a criminal proceeding is "probable" within the meaning of paragraph five of the *Steckman* syllabus and "highly probable" under *Police Officers* even where the police have not yet identified a suspect, as long as it is clear that a crime has in fact been committed. In cases such as this, the investigative record is necessarily compiled in anticipation of litigation. Moreover, as respondents note, if we were to adopt relator's construction of the R.C. 149.43(A)(2)(c) work product exception as redefined in *Steckman*, police departments' efforts to effectively investigate and apprehend criminals would be frustrated.

{¶17} Here, an absence of physical evidence, which the school district maintains is present in this case, does not necessarily compel a conclusion that no crime has in fact been committed. For example, physical evidence of an assault may be absent because it is yet to be discovered. And if, for the sake of argument, the school district's employee's injuries were self-inflicted, as alleged by the school district, and if the school

district's employee falsely reported the incident as an assault or wrongly sought workers' compensation benefits, a crime arguably may have been committed. *See, e.g.*, R.C. 2921.12(A)(2) (tampering with evidence); R.C. 2913.42(A) (tampering with records). Thus, in this case the absence of physical evidence is not sufficient to conclude that a crime has not been committed.

{¶18} Nonetheless, whether a crime has been committed in this case is not for this court to determine. *Compare* R.C. 309.08(A) ("The prosecuting attorney may inquire into the commission of crimes within the county") with R.C. 2743.03(A)(1) ("The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims") and R.C. 2743.03(A)(3)(b) (in addition to exclusive, original jurisdiction conferred by R.C. 2743.03(A)(1) and (2), the court of claims has exclusive, original jurisdiction under R.C. 2743.75 to hear complaints alleging a denial of access to public records in violation of R.C. 149.43(B), regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision).

{¶19} Moreover, if this court were to adopt the school district's interpretation of *Leonard*, then the CPD's efforts to effectively investigate and apprehend criminals may be frustrated — a point noted with approval by the Ohio Supreme Court in *Leonard*. *See Leonard* at 518.

{¶20} In sum, the court finds the school district's first objection is not persuasive. The school district's first objection is overruled.

### B. Objection No. 2

{¶21} By its second objection, the school district contends that the special master erred by not addressing arguments related to a constitutional right to privacy when he issued his report and recommendation. In this instance, the special master did not

address the constitutional claims because he had earlier concluded in his report and recommendation that all the withheld records were subject to the CLEIRs exception and, as a consequence, it was not necessary for him to address the constitutional claims.

{¶22} Given that the court has concluded that the special master correctly determined that the CLEIRs exception applied to the documents withheld by the CPD, the court determines that the special master's exercise of judicial restraint in this instance is proper. *See generally State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 25 ("The ' "cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more" ' — counsels against deciding issues rendered moot by our determination that the redacted information constitutes trade secrets. *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment)"); *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53.

{¶23} Moreover, as the Ohio Supreme Court has stated, "It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). And, it is established that courts decide constitutional issues only when necessary, *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 43, and this precept has been applied to public-record cases. *Johnson*, at ¶ 43, citing *State ex rel. Beacon Journal Publishing Company Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819, N.E.2d 1087, at ¶ 48.

{¶24} The court finds the school district's second objection is not persuasive. The school district's second objection is overruled.

## II. Conclusion

{¶25} Because, upon independent review the court finds that the special master identified the relevant law and properly applied the relevant law to the facts in this case, in accordance with R.C. 2743.75(F)(2), the court adopts the special master's report and recommendation as its own, including the findings of fact and conclusions of law contained in it.

_____
PATRICK M. McGRATH
Judge

cc:

Richard Goldberg
William R. Creedon
250 East Broad Street, 9th Floor
Columbus, Ohio 43215

Michael R. Halloran
77 North Front Street
Columbus, Ohio 43215

| | |
|---|---|
| HILLIARD CITY SCHOOL DISTRICT | Case No. 2017-00450-PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| COLUMBUS DIVISION OF POLICE | |
| Respondent | |

{¶26} For the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of respondent Columbus Division of Police.  Court costs are assessed against requester Hilliard City School District.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

PATRICK M. McGRATH
Judge

cc:

Richard Goldberg
William Robert Creedon
250 East Broad Street
9th Floor
Columbus, Ohio 43215

Michael R. Halloran
77 North Front Street
Columbus, Ohio 43215

**Filed October 6, 2017**
**Sent to S.C. Reporter 11/7/17**