THE STATE, EX REL. POLOVISCHAK, APPELLEE, *v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

[Cite as State, ex rel. Polovischak, *v.* Mayfield (1990), 50 Ohio St. 3d 51.]

(No. 89-764—Submitted January 9, 1990—Decided April 4, 1990.)

*Tablack, Wellman & Jeren, John A. Jeren, Jr.* and *Timothy R. Hackett,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Merl H. Wayman* and *Michael L. Squillace,* for appellants.

H. BROWN, J. The primary issue before us is one of first impression: whether an investigation of a Bureau of Workers' Compensation employee by the Internal Security Committee is a law enforcement matter of a criminal, quasi-criminal or administrative nature. We find that it is and reverse the decision of the court of appeals.

To determine whether a record is exempt from public disclosure under R.C. 149.43, a two-step analysis is required. First, is the record a confidential law enforcement record? Second, would release of the record "create a high probability of disclosure" of any one of four kinds of information specified in R.C. 149.43(A)(2)? Here, we are concerned with categories (a) and (b) (the identity of an information source or witness to whom confidentiality has been promised).

A

The Internal Security Committee was created as part of comprehensive legislation to ensure that employees of the Bureau of Workers' Compensation and the Industrial Commission abide by ethical standards. The legislature empowered the committee to investigate "* * * all claims or cases of *criminal* violations, *abuse of office, or misconduct* on the part of bureau or

commission employees * * *." (Emphasis added.) R.C. 4121.122(D). Criminal violations include divulging information (R.C. 4123.27), false representation or solicitation of authority (R.C. 4123.88), solicitation of claims before the commission and bureau (R.C. 4123.96), and bribery (R.C. 2921.02).

The committee also investigates violations of the internal code of ethics and reports those requiring disciplinary action to the Administrator, Industrial Commission or Governor. R.C. 4121.122. The code of ethics was promulgated to "* * * eliminate outside influence on bureau and commission employees, produce an impartial workers' compensation claims handling process, and avoid favoritism in the claims handling process." R.C. 4121. 22(C); Ohio Adm. Code 4121-15-1 through 4121-15-09 (which establish a policy and standard of conduct for employees prohibiting gifts, gratuities, conflicts of interest, partiality in work, favoritism, improper influence, and use of state property for non-approved activities).

**B**

R.C. 149.43(C) grants a cause of action in mandamus to a person allegedly aggrieved by the failure of a governmental unit to promptly prepare a "public record" or make it available for inspection. "Confidential law enforcement investigatory records" are exempt from disclosure, and are defined in R.C. 149.43(A)(2) as:

"* * * *any record that pertains to a law enforcement matter of a criminal, quasi-criminal,* civil, *or administrative nature,* but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) *The identity* of a suspect who has not been charged with the offense to which the record pertains, or *of an information source or witness to whom confidentiality has been reasonably promised;*

"(b) *Information provided by an information source or* witness *to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity* * * *." (Emphasis added.)

Appellee argues that a record compiled by the committee is not a "confidential law enforcement investigatory record" because the committee has no law enforcement powers.

However, the statutory definition of "confidential records" focuses on the nature of the record rather than upon the nature of the individual or agency holding the record. In deciding whether a record is exempt under the statute we have repeatedly emphasized the nature of the record sought. See *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, 74 O.O. 2d 209, 341 N.E. 2d 576; *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786; *State, ex rel. Outlet Communications, Inc.,* v. *Lancaster Police Dept.* (1988), 38 Ohio St. 3d 324, 528 N.E. 2d 175.

The issue is whether *records* compiled by the committee pertain to a criminal, quasi-criminal or administrative matter. Those categories encompass the kinds of anti-fraud and anti-corruption investigations undertaken by the committee. The records are compiled by the committee in order to investigate matters prohibited by state law and administrative rule. The investigation herein was of specific alleged misconduct, not a routine monitoring investigation. See *State, ex rel. Natl. Broadcasting Co., supra.*

It is true that the investigation began four years ago and no enforce-

ment action has been taken. While we agree that evidence of enforcement activity is relevant, we also find that the absence of such evidence is not necessarily fatal. The record indicates that the investigation remains open. Even if it were not, we reject the notion that mere passage of time without resulting enforcement action places the record into the public realm. We recently held that "[a] prosecutor's decision not to file formal charges against a suspect does not take the record of the investigation outside the exception provided for confidential law enforcement investigatory records in R.C. 149.43(A)(2). * * *" *State, ex rel. Thompson Newspapers, Inc.,* v. *Martin* (1989), 47 Ohio St. 3d 28, 546 N.E. 2d 939, paragraph two of the syllabus.

One purpose of the exemption in R.C. 149.43(A)(2) is to protect a confidential informant. This purpose would be subverted if a record (in which the informant's identity is disclosed) were deemed subject to disclosure simply because a period of time had elapsed with no enforcement action. Accordingly, we hold that a record of investigation which qualifies as a confidential law enforcement investigatory record under R.C. 149.43 (A)(2) does not forfeit its statutory protection merely because there has been a passage of time with no forthcoming enforcement action.

### C

Our final inquiry is whether the remaining requirements of R.C. 149.43 (A)(2) are met. The committee investigatory file was submitted by appellants under seal for *in camera* inspection by the court. From the record it appears that the referee and the court of appeals considered only a part of the investigatory file, to wit: the transcript, affidavit of Jerry West, Criminal Investigation Supervisor, and transmittal letters dated January 8 and January 13, 1986.

We have reviewed the sealed investigatory file and find that the transcript, affidavit and transmittal letters are excepted from disclosure pursuant to R.C. 149.43(A)(2)(a) and (b), as documents which contain information provided by a source or witness to whom confidentiality has been reasonably promised, which information tends to disclose his identity. We also find that these documents cannot be redacted.

Neither the referee nor the court of appeals, however, has made a determination as to whether documents in the sealed file other than those described above were excepted from disclosure or amenable to redaction. Accordingly, we remand the cause to the court of appeals to perform an *in camera* review of the *entire* record under seal (identified as 87AP-1231; ISC Case #174-85) in order to determine whether the remaining documents contained within it meet the requirements of any of the four exceptions of R.C. 149.43(A)(2) for confidential law enforcement investigatory records.

The judgment of the court of appeals is reversed and the cause is remanded for disposition in accordance with our opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent from the holding of the majority. I would affirm the well-reasoned judgment of the court of appeals in all respects.

It is discouraging to see the majority take yet another step away from our previous holdings in public records cases. R.C. 149.43 was intended by the General Assembly to, among other things, ensure the openness of government by affording citizens access to governmental information through inspection of governmental records. With only very limited and narrow exceptions (R.C. 149.43[A][2]), "public record[s]," as defined in R.C. 149.43(A)(1), must be open to the inspection of the public. In fact, the records belong to the public, and the official holding such records does so on behalf of the public.

The majority, in the case at bar, says that some of the records sought are "confidential law enforcement investigatory records." I do not agree.

The Internal Security Committee of the Bureau of Workers' Compensation has duties and responsibilities which are set forth in R.C. 4121.122. The question is whether the records generated in performing the statutorily mandated duties pertain to "law enforcement." The majority says "yes" and I think the majority is wrong.

Virtually all regulatory bodies have statutory and rulemaking authority to enforce the laws coming under their jurisdiction. Such authority may include criminal, quasi-criminal, civil or administrative sanctions. Even accepting this, it does not follow that *all* the functions of such an administrative agency are "law enforcement" matters.

Further, it would seem that if a "law enforcement" exception for requested records is sought, some legal enforcement activity should be ongoing or at least contemplated. The investigation involved here occurred over four years ago and no "enforcement" action has been taken.

R.C. 149.43(A)(2) provides that a confidential law enforcement investigatory record is "* * * any record that *pertains* to a law enforcement matter." (Emphasis added.) I would find that the records sought to be reviewed are not confidential "law enforcement" investigatory records because they do not pertain to a law enforcement matter. Accordingly, the records should not be exempt from disclosure, and because the majority reaches the opposite conclusion, I respectfully dissent.