THE STATE EX REL. YANT *v.* CONRAD, ADMR.

[Cite as *State ex rel. Yant v. Conrad* (1996), 74 Ohio St.3d 681.]

(No. 95–1593—Submitted January 9, 1996—Decided March 1, 1996.)

682

*Martin D. Yant, pro se.*

*Betty D. Montgomery,* Attorney General, *Yolanda V. Vorys* and *David J. Kovach,* Assistant Attorneys General, for respondent.

*Per Curiam.* For the reasons that follow, we find that except for the identities of bureau employees who were reasonably promised confidentiality, the requested investigative files are public records which are not exempt from disclosure.

Yant asserts that he is entitled to a writ of mandamus under R.C. 149.43, Ohio's Public Records Act. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83, 89. Exceptions to disclosure are strictly construed against the custodian of the public records, and the burden to establish an exception is on the custodian. *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377.

Initially, as to the investigative file relating to Finch's alleged authorization of state services to ineligible persons, the bureau denied Yant's request on the basis that its internal investigation into that matter had been reopened. Respondent has submitted no evidence or argument that this investigative file is exempt from release under R.C. 149.43. Evidently, respondent construes Yant's subsequent "amended request" for the remaining investigative file relating to Finch as tantamount to a withdrawal of a request for this investigative file.

However, R.C. 149.43(C) requires only a request and a failure of a custodian to make the requested records available for inspection and copying as a prerequisite to a mandamus action. The evidence is uncontroverted that Yant requested access to *both* investigative files and was denied access to *both* files. Yant's complaint seeks all records that he requested, which includes the investigative file relating to the rehabilitation services allegation. Therefore, in the absence of evidence or argument establishing the applicability of an exception, Yant is entitled to a writ of mandamus compelling the release of this investigative file.

As to the other investigative file, which pertains to Finch's alleged use of a state automobile to attend a baseball game, respondent now concedes that under *State ex rel. Police Officers for Equal Rights v. Lashutka* (1995), 72 Ohio St.3d 185, 648 N.E.2d 808, the file should be released to Yant. However, respondent further claims that the identities of bureau employees who may have been victims of sexual harassment should be redacted under R.C. 149.43(A)(2)(a) and (b). Following the original submission of this case to the court for decision, respondent filed a notice of "substantial compliance" in which he claimed that disclosure of all of the requested documents had been tendered to Yant except for the redacted names of two alleged victims of sexual harassment. Yet, the notice did not mention the rehabilitation services investigative file previously discussed, and as to the remaining file, we must still consider the propriety of the specified redactions.

Confidential law enforcement investigatory records are exempt from disclosure under R.C. 149.43(A)(1). R.C. 149.43(A)(2) provides:

" 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity * * * of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity[.]"

Exempting records from release under R.C. 149.43(A)(2) involves a two-step analysis: (1) Is the record a confidential law enforcement record? and (2) Would release of the record create a high probability of disclosure of any of the four types of information specified in R.C. 149.43(A)(2)? *Multimedia, supra,* 72 Ohio St.3d at 142, 647 N.E.2d at 1377.

As to the first question, we have held that an investigation of a Bureau of Workers' Compensation employee by the bureau was a confidential law enforcement matter, since it pertained to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature. *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635. As in *Polovischak,* 50 Ohio St.3d at 53, 552 N.E.2d at 637, "[t]he investigation herein was of specific alleged misconduct, not a routine monitoring investigation." Further, like *Polovischak,* the investigator compiled the records "in order to investigate matters prohibited by state law and administrative rule." *Id.* Accordingly, we find that the investigative file here constitutes a confidential law enforcement record.

Concerning the second inquiry, the evidence establishes that Brundige promised confidentiality to each witness, including those who might have been the victims of sexual harassment. We find that the identities of bureau employees who may have been sexual harassment victims were reasonably promised confidentiality and are excepted from disclosure under R.C. 149.43(A)(2)(a) and (b). *Id.,* 50 Ohio St.3d at 54, 552 N.E.2d at 638. *Police Officers for Equal Rights, supra,* which involved police internal affairs records, is inapposite, since the only issue there involved whether a denial of records based solely on *Steckman* was appropriate.

Accordingly, we grant Yant a writ of mandamus compelling respondent to provide access to the two investigative files concerning John Finch. However, as to the file involving Finch's alleged use of a state vehicle to attend a baseball game, respondent shall redact those portions which disclose the identities of bureau employees who were promised confidentiality and may have been sexually harassed. We further deny Yant's request for an award of attorney fees because he is a *pro se* litigant. *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 251, 643 N.E.2d 126, 131.

*Writ granted in part*
*and denied in part.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents and would grant the full relief requested.