[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 681.]

THE STATE EX REL. YANT *v*. CONRAD, ADMR.

[Cite as *State ex rel. Yant v. Conrad*, 1996-Ohio-234.]

*Mandamus to compel access to investigative file on Bureau of Workers' Compensation Director of Rehabilitation concerning alleged authorization of state services to ineligible persons—Writ granted—Mandamus to compel access to investigative file on Bureau of Workers' Compensation Director of Rehabilitation concerning use of state vehicle to attend a baseball game—Writ granted with redaction of portions of file that disclose identity of bureau employees who were promised confidentiality and may have been sexually harassed—Attorney fees for pro se relator denied.*

(No. 95-1593—Submitted January 9, 1996—Decided March 1, 1996.)

IN MANDAMUS.

_____

{¶ 1} In 1994, N. Eugene Brundige, then-Statewide Labor Relations Officer for the Ohio Bureau of Workers' Compensation ("bureau"), was assigned to investigate alleged misuse of a state automobile, misuse of state time, and sexual harassment committed by bureau employees in connection with a Cleveland Indians baseball game. As part of the investigation, Brundige interviewed several bureau employees, including persons who might have been sexual harassment victims. Before each interview, Brundige informed each employee that their conversation "would be considered confidential to the extent that the law would permit."

{¶ 2} During these interviews, Brundige made notes of the employees' responses. Brundige also obtained written statements from four of the interviewees. After the interviews were concluded, John Finch, the bureau's Director of

Rehabilitation who was the focus of the investigation, resigned. As a result of Finch's resignation, Brundige concluded his investigation without preparing any report, and no further action was taken.

{¶ 3} In April 1995, relator, Martin D. Yant, requested personnel files of certain bureau employees and files of the bureau's two internal investigations concerning Finch, including the investigation of Finch's alleged trip to Cleveland in a state car to see an Indians game. According to Yant, the other internal bureau investigation involved Finch's "alleged involvement in the special and/or individually authorized provision of rehabilitation services at state expense to a person or persons not legally entitled to such services ***."

{¶ 4} After the bureau denied Yant's requests insofar as they related to the investigative files, he instituted this action for a writ of mandamus to compel respondent, the administrator of the bureau, to make available to him for inspection and copying all of the requested records. We issued an alternative writ.

{¶ 5} This cause is now before the court upon the submitted evidence and briefs.

———————————

*Martin D. Yant, pro se*.

*Betty D. Montgomery,* Attorney General, *Yolanda V. Vorys* and *David J. Kovach*, Assistant Attorneys General, for respondent.

———————————

**Per Curiam.**

{¶ 6} For the reasons that follow, we find that except for the identities of bureau employees who were reasonably promised confidentiality, the requested investigative files are public records which are not exempt from disclosure.

{¶ 7} Yant asserts that he is entitled to a writ of mandamus under R.C. 149.43, Ohio's Public Records Act. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70

Ohio St.3d 420, 426, 639 N.E.2d 83, 89. Exceptions to disclosure are strictly construed against the custodian of the public records, and the burden to establish an exception is on the custodian. *State ex rel. Multimedia, Inc. v. Snowden* (1995), 72 Ohio St.3d 141, 142, 647 N.E.2d 1374, 1377.

{¶ 8} Initially, as to the investigative file relating to Finch's alleged authorization of state services to ineligible persons, the bureau denied Yant's request on the basis that its internal investigation into that matter had been reopened. Respondent has submitted no evidence or argument that this investigative file is exempt from release under R.C. 149.43. Evidently, respondent construes Yant's subsequent "amended request" for the remaining investigative file relating to Finch as tantamount to a withdrawal of a request for this investigative file.

{¶ 9} However, R.C. 149.43(C) requires only a request and a failure of a custodian to make the requested records available for inspection and copying as a prerequisite to a mandamus action. The evidence is uncontroverted that Yant requested access to *both* investigative files and was denied access to *both* files. Yant's complaint seeks all records that he requested, which includes the investigative file relating to the rehabilitation services allegation. Therefore, in the absence of evidence or argument establishing the applicability of an exception, Yant is entitled to a writ of mandamus compelling the release of this investigative file.

{¶ 10} As to the other investigative file, which pertains to Finch's alleged use of a state automobile to attend a baseball game, respondent now concedes that under *State ex rel. Police Officers for Equal Rights v. Lashutka* (1995), 72 Ohio St.3d 185, 648 N.E.2d 808, the file should be released to Yant. However, respondent further claims that the identities of bureau employees who may have been victims of sexual harassment should be redacted under R.C. 149.43(A)(2)(a) and (b). Following the original submission of this case to the court for decision,

respondent filed a notice of "substantial compliance" in which he claimed that disclosure of all of the requested documents had been tendered to Yant except for the redacted names of two alleged victims of sexual harrassment. Yet, the notice did not mention the rehabilitation services investigative file previously discussed, and as to the remaining file, we must still consider the propriety of the specified redactions.

{¶ 11} Confidential law enforcement investigatory records are exempt from disclosure under R.C. 149.43(A)(1). R.C. 149.43(A)(2) provides:

"'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity *** of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity[.]"

{¶ 12} Exempting records from release under R.C. 149.43(A)(2) involves a two-step analysis: (1) Is the record a confidential law enforcement record? and (2) Would release of the record create a high probability of disclosure of any of the four types of information specified in R.C. 149.43(A)(2)? *Multimedia, supra*, 72 Ohio St.3d at 142, 647 N.E.2d at 1377.

{¶ 13} As to the first question, we have held that an investigation of a Bureau of Workers' Compensation employee by the bureau was a confidential law enforcement matter since it pertained to a law enforcement matter of a criminal, quasi-criminal, civil or administrative nature. *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635. As in *Polovischak*, 50 Ohio St.3d at 53, 552 N.E.2d at 637, "[t]he investigation herein was of specific alleged

misconduct, not a routine monitoring investigation." Further, like *Polovischak*, the investigator compiled the records "in order to investigate matters prohibited by state law and administrative rule." *Id.* Accordingly, we find that the investigative file here constitutes a confidential law enforcement record.

{¶ 14} Concerning the second inquiry, the evidence establishes that Brundige promised confidentiality to each witness, including those who might have been the victims of sexual harassment. We find that the identities of bureau employees may have been sexual harassment victims were reasonably promised confidentiality and are excepted from disclosure under R.C. 149.43(A)(2)(a) and (b). *Id.*, 50 Ohio St.3d at 54, 552 N.E.2d at 638. *Police Officers for Equal Rights, supra*, which involved police internal affairs records, is inapposite, since the only issue there involved whether a denial of records based solely on *Steckman* was appropriate.

{¶ 15} Accordingly, we grant Yant a writ of mandamus compelling respondent to provide access to the two investigative files concerning John Finch. However, as to the file involving Finch's alleged use of a state vehicle to attend a baseball game, respondent shall redact those portions which disclose the identities of bureau employees who were promised confidentiality and may have been sexually harassed. We further deny Yant's request for an award of attorney fees because he is a *pro se* litigant. *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 251, 643 N.E.2d 126, 131.

*Writ granted in part*
*and denied in part.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents and would grant the full relief requested.

_____