Lundberg Stratton, J.,
dissenting.
{¶ 17} Because I believe that this case represents a weakening of the uncharged suspect exception to the Public Records Act, R.C. 149.43(A)(2)(a), and, correspondingly, makes it more difficult for trial courts to determine which parts of particular records are exempt from disclosure, I respectfully dissent from the majority’s decision to reverse the judgment of the court of appeals.
{¶ 18} First, under the uncharged suspect exception to the Public Records Act, I believe that the requested sealed investigative records should be excluded from disclosure in their entirety because the documents are “inextricably intertwined” with records whose release would result in a “high probability” of disclosure of the suspect’s identity. Although it is true that the Public Records Act is liberally construed in favor of broad access to public records, I believe that disclosure of the sealed records in question would create a “high probability” of disclosure of the suspect’s identity.
{¶ 19} The majority’s decision to attempt to redact the suspect’s name, address, and place and dates of employment creates a new standard that is not only onerous to trial courts but, as in this case, as a practical matter, is unworkable. The reality is that just redacting the uncharged suspect’s name, place of employment, dates he or she worked for the organization, and other specific identifying information will not prevent the high probability of disclosure of the uncharged suspect’s identity in a less populous county such as the one in this case, where the suspect involved may be the only person in the county during the time in question to have held the position of leadership that he or she held and may have been employed at the only organization of its kind in that county.
{¶ 20} “[0]ne of the purposes for the public records exception * * * is to avoid the situation in which the release of confidential law enforcement investigatory records would subject a person to adverse publicity where he may otherwise never have been identified with the matter under investigation.” State ex rel. *229 Thompson Newspapers, Inc. v. Martin (1989), 47 Ohio St.3d 28, 30, 546 N.E.2d 939. Accord State ex rel. Polovischak v. Mayfield (1990), 50 Ohio St.3d 51, 552 N.E.2d 635, syllabus; State ex rel. Moreland v. Dayton (1993), 67 Ohio St.3d 129, 131, 616 N.E.2d 234. Moreover, as the court of appeals noted, “[t]he uncharged-suspect exemption may still apply even though the accusation of criminal conduct is already public knowledge;” State ex rel. Rocker v. Guernsey Cty. Sheriffs Office, Guernsey App. No. 09-CA-4, 2009-Ohio-6336, 2009 WL 4456210, at ¶ 14, citing State ex rel. Master v. Cleveland (1996), 76 Ohio St.3d 340, 342, 667 N.E.2d 974, and State ex rel. Ohio Patrolmen’s Benevolent Assn. v. Mentor (2000), 89 Ohio St.3d 440, 446-447, 732 N.E.2d 969.
{¶ 21} As for the jeopardy to law enforcement, this court has held in State ex rel. Master v. Cleveland, 76 Ohio St.3d at 343, 667 N.E.2d 974, that another of the exception’s purposes is to “prevent compromising subsequent efforts to reopen and solve inactive cases.” Releasing information about uncharged suspects in inactive criminal investigations could compromise later efforts to reopen and solve those inactive cases. On occasion, police cannot secure enough evidence to convict a suspect until years after the initial investigation was opened. See State ex rel. Moreland v. Dayton, 67 Ohio St.3d at 131, 616 N.E.2d 234. The statute of limitations has not yet run on this investigation. See R.C. 2901.13(A)(3). Disclosure of these records might interfere with law enforcement efforts to further investigate this matter.
{¶ 22} Second, I would find that the requested records are exempt from disclosure under the specific confidential investigatory techniques or procedures or specific investigatory work product exception to the Public Records Act. See R.C. 149.43(A)(2)(c). In my view, this court’s decision in State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, is relevant to this analysis. In Steckman, we held that “except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation.” Id. at 435, 639 N.E.2d 83.
{¶ 23} For the reasons outlined above, I dissent from the majority’s decision to reverse the judgment of the court of appeals and remand the cause. The court of appeals has already reviewed the disputed sealed documents and found them to be confidential law enforcement investigatory records, each of which is exempt from disclosure, concluding that release of the disputed records would “undoubtedly reveal the identity of the uncharged suspect.” State ex rel. Rocker v. Guernsey Cty. Sheriffs Office, 2009-Ohio-6336, 2009 WL 4456210, at ¶ 16. As the court noted, “[n]ot only do most of the records reveal the name of the suspect, they also reveal facts unique to him which would have a high probability of *230 revealing his identity.” Id. Despite the majority’s attempt to redact some of this identifying information, I continue to believe that the release of these documents will create a high probability of revealing the uncharged suspect’s identity.
Kircher, Arnold & Dame, L.L.C., Konrad Kircher, and Michael P. Arnold, for appellant.
Daniel G. Padden, Guernsey County Prosecuting Attorney, for appellee.
{¶ 24} Absent an abuse of discretion, we should not second-guess these findings and substitute our own opinion for that of the lower courts. The court below followed our case law. Some on this court merely disagree with the factual conclusions. I believe that the uncharged suspect’s identity is “inextricably intertwined” with the investigatory records requested, such that redaction is an insufficient safeguard against disclosure. Therefore, I would affirm.
O’Donnell, J., concurs in the foregoing opinion.