[Cite as *Mash v. Marysville Police Div.*, 2026-Ohio-497.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| REBECCA MASH | Case No. 2025-00896PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| MARYSVILLE POLICE DIVISION | |
| Respondent | |

{¶1} Requester, a self-represented litigant, has filed written objections to a Special Master's Report and Recommendation in this public-records case. Respondent opposes Requester's objections. The Court overrules Requester's objections and adopts the Special Master's Report and Recommendation for reasons that follow.

## I. Background and Procedural History

{¶2} On October 29, 2025, Requester filed a Complaint pursuant to R.C. 2743.75(D), alleging that she was denied access to public records in violation of R.C. 149.43(B). The Clerk appointed a Special Master who, on Requester's motion, denied a request to bypass mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the docket of the Special Master. The Special Master issued an order directing the parties to submit evidence for the Special Master's review. The Special Master permitted Respondent to file, under seal, unredacted copies of records responsive to Requester's public records requests. On December 18, 2025, pursuant to Civ.R. 41(B)(2), Respondent, through counsel, moved the Special Master to recommend dismissal of the Complaint because, according to Respondent, Requester has no right to relief under the facts and law.

{¶3} On January 8, 2026, the Special Master issued a Report and Recommendation. In the Report and Recommendation (R&R), the Special Master provides the following background of the parties' dispute:

This case concerns the disappearance of Patricia Adkins in late June or early July 2001. … Respondent Marysville Police Division initially handled the investigation. …Primary investigating authority was later transferred to the Union County Sheriff's Office. …

…

On October 21, 2025, Requester Rebecca Mash hand-delivered a public records request to the Police Division. That request asked for:

1. "The unredacted narrative supplement dated 07/08/2001 from the Patricia Adkins case file, incident # 01R00632," and

2. "[A]ny and all additional supplemental narratives to include all witness statements, any recorded witness statements, to include all recorded phone calls from witnesses, evidence logs and all other documents remaining in the Patricia Adkins case file under [the Marysville Police Division]." *Compl.*, p. 3 (emphasis original). Ms. Mash had previously received a redacted version of the 07/08/2001 narrative supplement. *Id.*, p. 5.

On the same day, the Police Division responded to Ms. Mash's request. The Police Division denied access to any further records, citing the CLEIR work product exception. *Id.*, p. 4.

This is the second public records lawsuit filed by Ms. Mash related to this investigation. In the prior case, the Special Master recommended the Union County Sheriff's Office provide certain unredacted records to Ms. Mash. *Mash v. Union Cty. Sheriff's Office*, 2025-Ohio-4790, ¶ 11, adopted 2025-Ohio-5264 (Ct. of Cl.). The Special Master noted the evidence demonstrated that the only criminal charge investigated by the Sheriff's Office was kidnapping, and the statute of limitations on that charge had expired. *Id.*, ¶ 9.

(Footnote omitted.) (R&R, 1-2.)[1]

---

[1]     In the omitted footnote in the Report and Recommendation, the Special Master explained, "'CLEIR' is a common acronym for 'confidential law enforcement investigatory record' as used in the Ohio Public Records Act. *See* R.C. 149.43(A)(1)(h) and (A)(2)." (R&R, 2.)

{¶4} After reviewing the parties' evidence in this case, the Special Master has determined that Respondent correctly applied the CLEIR uncharged-suspect exception to redact records, but Respondent incorrectly withheld one record under the CLEIR work-product exception.  The Special Master recommends:

1) Ordering Respondent to produce the entries dated 7/8/01 on pages 180 to 181 of the under-seal records, subject to any other applicable public records exceptions consistent with the Report and Recommendation;

2) Ordering Respondent to pay Requester's filing fee; and

3) Ordering Respondent to pay the balance of the costs of this case.

(R&R, 6.)

{¶5} On January 13, 2026, Requester filed written objections to the Report and Recommendation.  According to a Certificate of Service accompanying Requester's objections, Requester served a copy of Requester's objections on Respondent's counsel by means of certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶6} On January 21, 2026, Respondent, through counsel, filed a written response in opposition to Requester's objections.  According to a Certificate of Service accompanying Respondent's response, a copy of Respondent's response was served on Requester "via U.S. regular mail," not by means of certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).[2]

{¶7} Respondent has not timely objected to the Report and Recommendation.  Requester is therefore the sole objecting party in this matter.  Requester's objections are

---

In *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 25, the Supreme Court of Ohio discussed a two-part test for determining whether a record is "confidential law enforcement investigatory record":

> Whether a particular record is a "confidential law enforcement investigatory record" is determined by a two-part test. ""First, is the record a confidential law enforcement record? Second, would release of the record 'create a high probability of disclosure' of any one of the four kinds of information specified in R.C. 149.43(A)(2)?""" *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 19, quoting *State ex rel. Beacon Journal Publishing Co. v. Maurer*, 91 Ohio St.3d 54, 56, 2001-Ohio-282, 741 N.E.2d 511 (2001), quoting *State ex rel. Polovischak v. Mayfield*, 50 Ohio St.3d 51, 52, 552 N.E.2d 635 (1990).

[2]    Pursuant to R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."

before the Court for a final order. *See* R.C. 2743.75(F)(2) ("[t]he court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

## II. Law and Analysis

### A. Legal Standard

{¶8} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A).

{¶9} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8; *see also Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶10} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

## B. Discussion

{¶11} R.C. 2743.75(F)(2) requires a party's objections to a Report and Recommendation to be "specific and state with particularity all grounds for the objection." Here, in the objections, Requester

requests the Court partially adopt the Report and Recommendation and order production of pages 180-181 of the requested file but subject only to redactions under 149.43(A)(2)(a)(i), in addition to ordering Respondent to pay Requester's costs. But Requester respectfully asks the Court not adopt the remainder of the R&R, reject Respondent's claims as contrary to law and the underlying purpose of the public-records act, and order production of the requested materials after narrow, appropriate redactions of an uncharged suspect's personally identifiable information have been made, in keeping with established Ohio statutes and the case law that supports them.

(Objections, 4-5.)  Requester maintains, "Respondent's evidence, as well as the *Report and Recommendation's* description of the sealed records, prove not all the information contained within could possibly have a high probability of disclosing a suspect's identity." (Objections, 3.)

{¶12} In opposition, Respondent contends that, in Requester's objections, Requester "has conflated her argument for 'uncharged suspect' redactions of incident reports with the withholding of the investigative file, which is 'investigative work product.'" Respondent states,

Significantly, the Requester has not submitted any evidence to suggest that the investigative work product is anything other than an open investigation related to the search for Ms. Adkins' body. Nor has the

Requester provided any authority to show that the passage of time precludes a murder investigation from being active or a murder charge resulting from the investigation from being probable.

(Response, 3.)

{¶13} After a careful review of the parties' briefing and arguments, the Court finds that Requester's objections are not well taken for several reasons.

{¶14} First, R.C. 149.43(B)(1) permits a public office or person responsible for a public record to lawfully redact parts of a record subject to any exemption permitted by law—not solely due to a CLEIRs exemption in 149.43(A)(2)(a)(i), as maintained by Requester in the objections.[3]   *See* R.C. 149.43(B)(1) ("[i]f a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt").  A public office or person responsible for a public record also lawfully may withhold a record based on a statutory exception.  *See*, *e.g.*, R.C. 149.43(A)(1)(a)-(bbb) (defining what is not meant by a "public record," as used in R.C. 149.43).   Respondent therefore is not limited to a redaction based on CLEIRs, such as R.C. 149.43(A)(2)(a)(i), when redacting information;

---

[3]    Requester references R.C. 149.43(A)(2)(a)(i) in her objections.  R.C. 149.43(A)(2) provides:

"Confidential law enforcement investigatory record" means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

(i)The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

(ii)Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity;

(iii)Specific confidential investigatory techniques or procedures or specific investigatory work product;

(iv)Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

*See* R.C. 149.43(A)(1) (providing that, as used in R.C. 149.43, the term "public record" "does not mean … (h) confidential law enforcement investigatory records").

neither is a public office or person responsible for public records limited to CLEIRs as a basis for withholding a requested record.

{¶15} Second, Requester's argument that Respondent's evidence—as well as the Report and Recommendation's description of the sealed records—fails to prove that not all the information contained within Respondent's evidence could possibly have a high probability of disclosing a suspect's identity fails to persuade because: (1) Requester's argument does not take into consideration that the requested records concern a continuing investigation involving the possible murder of Patricia Adkins and (2) no period of limitation exists for prosecution of the crime of murder.  See Affidavit of Union County Sheriff Michael Justice at paragraphs 5 and 6 (averring that "Union County law enforcement has a theory for the criminal case and evidence to support criminal charges. However, we continue to seek additional evidence increments recognizing the State's burden to prove any criminal charges beyond a reasonable doubt" and that the "complete Adkins investigation file is undergoing a thorough, page-by-page review by investigators"); *see* also R.C. 2901.13(A)(2) (no period of limitation for the prosecution of R.C. 2903.02 (murder)),

{¶16} In *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 2010-Ohio-3288, ¶ 10-11, the Supreme Court of Ohio noted:

> "The uncharged suspect exception applies despite the passage of time, the lack of enforcement action, or a prosecutor's decision not to file formal charges." *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 30, 1996 Ohio 228, 661 N.E.2d 180. Public knowledge of the accused and the alleged criminal conduct also does not preclude application of the exemption "because release of the records would subject suspects to additional adverse publicity and might compromise subsequent efforts to resolve the matter." *Ohio Patrolmen's Benevolent Assn.,* 89 Ohio St.3d at 447, 732 N.E.2d 969.
>
> Nevertheless, this exception applies only to those portions of records that, if released, would create a high probability of disclosure of the suspect's identity. We have held that records are exempt under the uncharged-suspect exception when "the protected identities of uncharged

suspects are inextricably intertwined with the investigatory records." *State ex rel. Master v. Cleveland* (1996), 76 Ohio St.3d 340, 342, 1996 Ohio 300, 667 N.E.2d 974.

{¶17} In the Report and Recommendation at 6, the Special Master made certain findings,

I … find that the Police Division appropriately withheld the bulk of the investigative file pursuant to the CLEIR work product exception. Pages 180 to 181, however, should have been redacted to exclude the entries dated 7/8/01 and provided to Ms. Mash. These entries contain incident report information that is not protected by the CLEIR work product exception. Other public records exceptions, particularly the CLEIR uncharged suspect exception, may apply to protect other portions of the 7/8/01 entries.

{¶18} Upon independent review, the Court agrees with the Special Master's findings that pages 180 to 181 "should have been redacted to exclude the entries dated 7/8/01 and provided to Ms. Mash," that these entries "contain incident report information that is not protected by the CLEIR work product exception," and that "[o]ther public records exceptions, particularly the CLEIR uncharged suspect exception, may apply to protect other portions of the 7/8/01 entries." (R&R, 6.) *See* R.C. 2743.75(F)(1) (requiring a special master to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint").

{¶19} Accordingly, the Court determines that Requester's objections should be overruled.

### III.    Disposition

{¶20} The Court OVERRULES Requester's objections and ADOPTS the Special Master's Report and Recommendation issued on January 8, 2026, for reasons discussed above.  In accordance with the Special Master's recommendation, the Court ORDERS Respondent to produce the entries dated 7/8/01 on pages 180 to 181 of the records produced under seal, subject to any other applicable public-records exceptions, such as the CLEIRs uncharged-suspect exception, consistent with the Report and

Recommendation.  Court costs are assessed against Respondent.  Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Requester, excepting attorney fees.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____

LISA L. SADLER
Judge


**Filed January 29, 2026**
**Sent to S.C. Reporter 2/13/26**